## SANDS *v.* EDMUNDS.

ERROR TO THE SUPREME COURT OF APPEALS OF THE STATE OF VIRGINIA.

Argued January 7, 8, 1886.—Decided February 1, 1886.

⁑ After lawful tender to the proper State officer of the requisite amount of coupons (receivable by the terms of the act of the State of Virginia of March 30, 1871, in payment of taxes, debts, dues and demands due the State), for a "separate revenue license" by a person otherwise duly authorized and licensed to practice as an attorney-at-law, and after refusal by that officer to receive the same, or to issue the "separate revenue license," the person so making the tender may, by mandamus, compel the officer to receive the coupons, and to deliver them to the proper official for identification and verification according to the terms of the act of that State of January 14, 1882.

The plaintiff in error filed in the Circuit Court of Fauquier County a petition for a *mandamus* against the treasurer of that county, as follows :

"The petition of Wm. H. Sands respectfully represents that he is an attorney-at-law, regularly and duly licensed to practice law in the courts of the State of Virginia according to the laws of said State.

"That on the 8th day of September, 1885, he tendered to E. G. Edmunds, who is the treasurer of the county of Fauquier, and the officer whose duty it is to collect all license taxes due said State in said county, in payment of his license tax as an attorney-at-law for the ensuing year, fifteen dollars in lawful money of the United States and seventy-five cents in like money for the commission of the revenue's fee, in compliance with the provisions of the acts of assembly, approved February 7th, 1884, entitled ' An act to regulate the granting of licenses for the exercise of any privilege.'

"That, at the same time, he tendered to the said treasurer a certain coupon for fifteen dollars, which coupon was cut from a bond issued by the State of Virginia under the provisions of an act of her General Assembly, approved March 30, 1871, entitled ' An act to provide for the funding and payment of the public debt.'

" That said coupon was overdue and past maturity, and bore upon its face the contract of the State of Virginia that it should be received in payment of all taxes, debts, and demands due said state.

" That, at the same time, he demanded the said treasurer should receive said coupon along with said lawful money for the purpose of identification and verification, in manner and form as required by an act of the General Assembly of the State of Virginia, approved January 14, 1882, entitled 'An act to prevent fraud upon the Commonwealth and holders of her securities in the collection of her revenues.'

" That the said treasurer received said lawful money tendered by your petitioner, and gave him the certificate provided for in said act of February 7, 1884, but he refused to receive said coupon as demanded by your petitioner, and he refused to receive it for any purpose whatever. Your petitioner claims that he had the right to have said treasurer receive said coupon and deliver the same to the judge of the county court of Fauquier, and that it was your petitioner's right to prove said coupon before a jury in said court and thereupon to have his said money returned to him, and that said treasurer did your petitioner a great wrong and injury when he refused to receive said coupon.

" That he refused to receive same because said act of February 7, 1884, requires all license taxes to be paid in money only and not in coupons, and because the 112th section of an act of the General Assembly of Virginia, approved March 15, 1884, entitled 'An act to provide for the assessment of taxes on persons, property, incomes, &c.,' requires all license taxes to be paid in money only, and not in coupons.

" That both of said acts in this particular are repugnant to section 10 of article 1 of the Constitution of the United States, and therefore null and void. That your petitioner has not been licensed to practice law so long as five years.

" Your petitioner therefore prays that a *mandamus nisi* may be issued commanding the said E. G. Edmunds, treasurer aforesaid, to show cause why a peremptory *mandamus* shall not issue commanding him to receive said coupon, and deliver

it to the judge of the County Court for identification and verification, according to the terms and provisions of said act of January 14, 1882."

The prayer for the writ was denied by the Circuit Court of Fauquier County; and on application to the Supreme Court of Appeals of Virginia that judgment was affirmed by a refusal to allow an appeal. To reverse that judgment this writ of error was prosecuted.

This case was argued with *Barry* v. *Edmunds, ante,* 550; *Chaffin* v. *Taylor, ante,* 567; and *Royall* v. *Virginia, ante,* 572.

*Mr. William L. Royall* and *Mr. Daniel H. Chamberlain* for plaintiff in error.

*Mr. R. A. Ayres* and *Mr. Walter R. Staples* for defendant in error.

MR. JUSTICE MATTHEWS delivered the opinion of the court. After stating the facts as above reported, he continued:

The right of the plaintiff in error to pay his license tax as a lawyer in coupons, receivable for taxes, as described in his petition, is affirmed by the opinion and judgment in the case of *Royall-*v. *The State of Virginia,* just decided, *ante,* 572. His remedy to have them received for verification and to recover back the money paid for his license, is secured to him by the terms of the act of January 14, 1882, which, for such purposes, was upheld by this court as a valid enactment in *Antoni* v. *Greenhow,* 107 U. S. 769.

On the authority of these decisions

*The judgments of the Supreme Court of Appeals of Virginia and of the Circuit Court of Fauquier County, Virginia, are reversed, and the cause is remanded to said Circuit Court, with instructions to take further proceedings according to law and in conformity with this opinion.*